

COPY

1  Tammy Hussin, Esq. (Bar No. 155290)
2  6404 Merlin Drive
   Carlsbad, CA 92011
3  Telephone (855) 301-2100 ext. 5514
4  thussin@lemberglaw.com

5  Lemberg & Associates, LLC
6  1100 Summer Street
   Stamford, CT  06905
7  Telephone:  (203) 653-2250
8  Facsimile:  (203) 653-3424

9  Attorneys for Plaintiff,
10 Saul Esquivel

FILED
2013 JUL 24  PM 3:09
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Saul Esquivel,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Central Credit Services, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: **CV13-05348-MRW**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Saul Esquivel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Saul Esquivel (hereafter "Plaintiff"), is an adult individual residing in Wilmington, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Central Credit Services, Inc. ("CCS"), is a Florida business entity with an address of 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.    Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.    CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    CCS Engages in Harassment and Abusive Tactics**

12.    Within the last year, CCS contacted Plaintiff at his place of employment in an attempt to collect the Debt.

13. CCS called spoke with a secretary at secretary at Plaintiff's workplace and disclosed that call was from "Central Credit" and that it needed to reach Plaintiff.

14. The message left by CCS with Plaintiff's secretary was humiliating and embarrassing and was in violation of law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

17. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

18. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

21. Central Credit Services, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

22. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

23. The Defendants communicated with the Plaintiff's employer about the Plaintiff's debt, without consent of the Plaintiff's attorney or the Plaintiff, and without the purpose of verifying location or employment information, in violation of Cal. Civ. Code § 1788.12(a).

24. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

25. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 3, 2013         TAMMY HUSSIN

By: _____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Saul Esquivel

Tammy Hussin, Esq.
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Saul Esquivel | PLAINTIFF(S) | CASE NUMBER<br>CV13-05348-MRW |
| v. | | |
| Central Credit Services, Inc.; and DOES 1-10, inclusive, | DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): Central Credit Services, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Tammy Hussin, Esq., Lemberg & Associates, LLC</u>, whose address is <u>6404 Merlin Drive, Carlsbad, CA 92011</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 24 2013

By: _____
       Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         SUMMONS